**NASHUA & L. R. CORPORATION v. WELCH (three cases).**

Nos. 7282–7284.

District Court, D. Massachusetts.

Feb. 20, 1940.

Hutchins & Wheeler and Jay B. Angevine, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Edward First, Sp. Assts. to Atty. Gen., for defendant.

McLELLAN, District Judge.

These three actions are for the recovery of capital stock taxes paid by the plaintiff to the defendant. The taxes were exacted for the years ending June 30, 1933, 1934 and 1935. The only issue, as the parties concede, is whether the plaintiff was "carrying on or doing business" within the meaning of those words as used in Section 215 of the National Industrial Recovery Act, 48 Stat. 207, which governs the 1933 tax, and within the meaning of the same words appearing in Section 701 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 787, which relates to the 1934 and 1935 taxes. Material portions of these acts appear in the margin.[1]

### Findings of Fact.

The facts all appear in the Statement of Agreed Facts, here adopted as my findings of fact. To summarize the contents of the Statement of Agreed Facts would serve no useful purpose. If upon the basis of the subsidiary facts there appearing, there is room for a further finding as opposed to a ruling of law, I find as a fact that the plaintiff was not "carrying on or doing business" within the meaning of those words appearing in the foregoing sections of the National Industrial Recovery Act and the Revenue Act of 1934.

### Conclusions of Law.

Upon the basis of the foregoing findings of fact and upon the authority of McCoach v. Minehill & Schuylkill Haven Railroad Company, 228 U.S. 295, 33 S.Ct. 419, 57 L. Ed. 842, I conclude that the taxes here involved were erroneously collected and that the plaintiff is entitled to recover them.

An obvious distinction between the case at bar and Codman, Trustee of the Codman Trust v. United States, D.C., 30 F.Supp. 732, 735, decided by Judge Ford in December, 1939, on which the defendant relies heavily, is that in the latter case, the association continued to do the business for which it was formed. As Judge Ford said, the trust or association "was organized for the purpose of owning, managing, leasing, and selling real estate and distributing the gains therefrom to shareholders, and its activities reflected that it was doing just what it was organized to do." In the case at bar, the plaintiff was organized for the purpose of owning and operating a railroad. From that business, it had retired when it leased its railroad property for ninety-nine years. Other real differences between the two cases require no comment.

Judgment is to be entered for the plaintiff in number 7282 for $1,550.52, in number 7283 for $1,407.20 and in number 7284 for $1,302.53, and interest in each case according to law.

NOTE.—Of the defendant's Requests for Findings of Fact, the first has been granted in substance in the foregoing memorandum and the second is denied. The defendant's three Requests for Conclusions of Law are denied. The plaintiff's requests for findings and rulings need no comment in view of what appears in the foregoing memorandum of decision.

---

[1] National Industrial Recovery Act, c. 90, 48 Stat. 195:

"Sec. 215. (a) For each year ending June 30 there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock.

* * *

"(c) The taxes imposed by this section shall not apply—

* * *

"(3) to any domestic corporation in respect of the year ending June 30, 1933, if it did not carry on or do business during a part of the period from the date of the enactment of this Act to June 30, 1933, both dates inclusive * * *."

Revenue Act of 1934, c. 277, 48 Stat. 680:

"Sec. [§] 701. Capital Stock Tax

"(a) For each year ending June 30, beginning with the year ending June 30, 1934, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock.

* * *

"(c) The taxes imposed by this section shall not apply—

* * *

"(3) to any domestic corporation in respect of the year ending June 30, 1934, if it did not carry on or do business during a part of the period from the date of the enactment of this Act to June 30, 1934, both dates inclusive; * * *." 26 U.S.C.A.Int.Rev.Acts, p. 787.